## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LUCY B. IKONA, individually and in her capacity as Personal Representative of the estate of KENNETH MINDAKO ETUKA et al., | |
| Plaintiffs, | Case No. 22-2016-KHV-RES |
| v. | |
| AHC OF OVERLAND PARK, LLC, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This case is a medical malpractice and wrongful death case. Plaintiffs Lucy B. Ikona ("Ikona"), individually and in her capacity as personal representative of the estate of decedent Kenneth Mindako Etuka, and Roggie B. Etuka ("Etuka") (collectively, "Plaintiffs") move to amend the Scheduling Order to disclose their experts past the deadline in the current Scheduling Order. ECF No. 23. Defendant AHC of Overland Park, LLC ("AHC") opposes the motion on the grounds that Plaintiffs have failed to establish good cause to amend the Scheduling Order. *See* ECF No. 27. For the reasons explained below, the Motion is granted in part and denied in part.

## I.     BACKGROUND

### A.     Procedural History

This is the second lawsuit Plaintiffs have brought against AHC in this District. *See Ikona et al. v. AHC of Overland Park, LLC*, No. 21-2130-JWB-TJJ (D. Kan.). In the original case, Plaintiffs asserted the same causes of action against AHC arising out of the same alleged negligence. *See id.*, ECF No. 1. AHC answered the complaint denying any liability, *see* ECF Nos. 14, 17, and the Court entered a Scheduling Order on June 11, 2021. *Id.*, ECF No. 23.

Shortly after discovery began in that case, Plaintiffs learned that AHC was a health care provider covered by the Heath Care Stabilization Fund (the "Fund").  *Id.*, ECF No. 33 at 2, ¶ 2.  Pursuant to K.S.A. § 40-3409, a copy of the complaint against the health care provider must be served upon the Board of Governors of the Fund within ten days of the filing of the complaint or the Fund may not be liable for amounts in excess of the statutory cap.  *Id.* at 2, ¶ 4; *see also* K.S.A. § 40-3408.  Because Plaintiffs had not provided a copy of the complaint to the Board of Governors within the ten days, Plaintiffs moved to dismiss the case with the intention of refiling and providing the required notice.  *Id.* at 2-3, ¶¶ 5, 7.

On October 18, 2021, Plaintiffs moved to dismiss the case.  *See id.*, ECF No. 33.  On October 19, 2021, the Court granted Plaintiffs' motion, and dismissed the case without prejudice.  *Id.*, ECF No. 34.  On January 10, 2022, Plaintiffs filed their complaint in this case.  *Ikona et al.*, 22-2016-KHV-RES, ECF No. 1.

**B.**     **Scheduling Order**

On April 19, 2022, the Court held a scheduling conference.  ECF No. 8.  Typically, the discovery period for cases in the District is four to six months, with six months reserved for "a complex case."  *See* Form Scheduling Order at § 2(b).  During the scheduling conference, the parties argued for additional time for discovery because they claimed that this is a complex medical malpractice case that will involve depositions of witnesses on different continents.  After extensive discussions with the parties about proposed deadlines, the Court agreed to extend the discovery period past what is typically allowed in the District.  The parties were able to begin discovery no later than April 21, 2022, with discovery scheduled to close on February 3, 2023, nearly ten months later.  *See* Fed. R. Civ. P. 26(d)(1) (parties may seek discovery after the Rule 26(f) conference in

most cases); ECF No. 12 at 2, 5 (original Scheduling Order with the February 3, 2023 close of discovery deadline).

The docket, however, does not reflect that the parties utilized the lengthy discovery period for which they advocated. As of September 14, 2022, Plaintiffs have noticed only two depositions, ECF Nos. 13 & 29 (April 22, 2022 deposition notice for CVS Pharmacy custodian of records and September 7, 2022 deposition notice for Jamie Maldanado), and did not serve their first set of written discovery requests to AHC until August 19, 2022, four months after the scheduling conference. *See* ECF No. 19.

Prior to Plaintiffs serving their first set of discovery requests, Plaintiffs moved for an extension of the deadlines to file a joint mediation notice and complete mediation. ECF No. 15. In that motion, Plaintiffs stated that the parties had "scheduled a number of depositions during August[] 2022 due to out of town witnesses and counsel scheduling conflicts," and the parties believed mediation would be more meaningful after these depositions were taken. *Id.* at 2, ¶ 3. AHC was unopposed to the motion. *Id.* at 2, ¶ 5.

The Court granted the motion but noted that "[w]hile the motion states that the parties are engaged in on-going discovery, the Court notes that the docket does not reflect that discovery. Only one deposition notice has been filed since the April 19, 2022 Scheduling Conference, for a deposition that was scheduled to occur on May 9, 2022." ECF No. 16. In this Order, the Court expressly stated: "A failure to engage in timely discovery will not be good cause for future extensions of the Scheduling Order deadlines." *Id.*[1]

---

[1] The docket similarly reflects a lack of discovery by AHC. AHC has yet to serve any discovery requests. On August 23, 2022, over four months after the scheduling conference, AHC began filing deposition notices for the depositions of Plaintiffs and Olivia Lawson. *See* ECF Nos. 20-22. In sum, four months elapsed without meaningful progress in discovery in a case where

On August 12, 2022, Plaintiffs again moved for an extension of the deadline to mediate, stating that mediation was scheduled with John Tongier on October 20, 2022, the first available date on his calendar.  ECF No. 17 at 2, ¶ 2.  AHC did not oppose the motion.  *Id.* at 2, ¶ 4.  The Court granted the motion as unopposed and extended the deadline to mediate on or before October 20, 2022.  ECF No. 18.

### C.    Plaintiffs' Expert Witness Disclosure and Deposition Deadlines

The present dispute centers around Plaintiffs' expert witness deadlines.  In the Report of the Parties' Planning Conference, the parties suggested a July 30, 2022 deadline for Plaintiffs to disclose experts.  Because that deadline fell on a Saturday, the Scheduling Order set the deadline for Friday, July 29, 2022.  ECF No. 12 at 2, 6.  The form scheduling order does not typically set a separate deadline for the deposition of a party's experts.  This was a deadline requested by the parties, which the Court accepted.  Plaintiffs' deadline to produce their experts for deposition was September 9, 2022.  *Id.* at 2, 8.

Plaintiffs, however, missed their deadline to disclose their experts.  Plaintiffs' counsel states that Plaintiffs' experts were not timely disclosed because "counsel began a much needed vacation from July 24, 2022, and returned to the office on August 2, 2022."  ECF No. 23 at 3, ¶ 3.  Plaintiffs' counsel did not mention his vacation during the scheduling conference and the expert disclosure deadline entered by the Court was the deadline requested by Plaintiffs.  Plaintiffs' counsel states that while he was preparing to be out of the office, he was under the "mistaken belief that the time for designating experts was the early September date (September 9) that is actually the date for production of Plaintiffs' experts for deposition."  *Id.* at 3, ¶ 4.

---

the parties were insistent on having a discovery period longer than what is typically allowed in the District.

Pursuant to Plaintiffs' Motion, counsel for Plaintiffs purportedly did not realize this mistake until "Wednesday, August 18, 2022." August 18th is a Thursday. On that day, almost three weeks after Plaintiffs' expert witness deadline, Plaintiffs' counsel reached out to AHC's counsel to determine AHC's position on amending the Scheduling Order for Plaintiffs' experts. *Id.* at 3, ¶ 5. One day later, Plaintiffs served their First Interrogatories and First Request for Production of Documents. ECF No. 19. On August 23, 2022, AHC's counsel said AHC would object to extending Plaintiffs' expert witness deadlines. ECF No. 23 at 3, ¶ 5.

On August 24, 2022, nearly a week after Plaintiffs purportedly discovered that they had entirely missed their deadline to disclose their experts and nearly a month after that missed deadline, Plaintiffs filed this Motion. *See* ECF No. 23. Plaintiffs propose to amend the Scheduling Order such that:

(1)     within three days should the Court[] sustain this Motion, Plaintiffs designate their experts, provide their resumes and expected areas of testimony and compensation;

(2)     on or before September 30, 2022, Plaintiffs provide said experts written reports to Defendant as required by Fed. R. Civ. P. 26(a)(2)(B);

(3)     that Plaintiffs produce said experts for deposition on or before October 15, 2022;

(4)     that the date for Defendant to disclose their experts be extended by 30 days to November 30, 2022, and the date for Defendant to produce their experts be extended to January 5, 2023; and

(5)     that rebuttal experts be disclosed by January 15, 2023.

*Id.* at 1-2. Plaintiffs say they have secured two experts, John D. Day, M.D. and Reza S. Farid, M.D., to provide testimony on their behalf. *Id.* at 2, ¶ 2.

On August 25, 2022, the Court expedited briefing by the parties.  ECF No. 24.  Defendant

AHC is strongly opposed to this Motion.  *See* ECF No. 27.  Defendant states in part: "Plaintiffs[']

motion demonstrates no 'excusable neglect' or 'good cause,' much less any recognized, legally

plausible, basis for the relief sought. . . . Plaintiffs do not state any factually, or legally, sufficient

basis to secure the relief sought and AHC respectfully requests that the Court enter an Order

denying plaintiffs' motion."  *Id.* at 2.  Plaintiffs filed their reply on September 2, 2022.  ECF No.

28.  This Motion is now before the Court.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified

only for good cause and with the judge's consent."[2]  The Tenth Circuit has described Rule

16(b)(4)'s good-cause standard as requiring the movant to show that existing "scheduling order

deadlines cannot be met despite the movant's diligent efforts."  *Tesone*, 942 F.3d at 988-89; *see*

*also* Fed. R. Civ. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good

cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking

---

[2]       Once a deadline has passed, Fed. R. Civ. P. 6(b)(1)(B)'s excusable neglect standard
is potentially implicated.  *See, e.g.*, *CGB Diversified Servs., Inc. v. Forsythe*, No. 20-CV-2120-
TC-TJJ, 2021 WL 672168, at *1 (D. Kan. Feb. 22, 2021) (plaintiff was required to show both good
cause and excusable neglect to amend scheduling order after expert witness disclosure deadline
passed).  Others judges in this District have required a moving party to establish only good cause
under Fed. R. Civ. P. 16(b)(4).  *See, e.g.*, *Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL
836292, at *3 (D. Kan. Feb. 13, 2018); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-
2003-JAR-KGG, 2016 WL 6071796, at *4 (D. Kan. Oct. 17, 2016); *Parker v. Cent. Kansas Med.
Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001), *aff'd*, 57 F. App'x 401 (10th Cir. 2003).  In
*Tesone v. Empire Mktg. Strategies*, the Tenth Circuit only applied Rule 16(b)(4)'s good cause
standard when the plaintiff filed a motion to amend the scheduling order deadline to add an expert
seven months after the expert disclosure deadline.  942 F.3d 979, 989 (10th Cir. 2019).  Regardless,
the Tenth Circuit has recognized that although good cause and excusable neglect are related,
"'good cause' requires a greater showing than 'excusable neglect.'"  *In re Kirkland*, 86 F.3d 172,
175 (10th Cir. 1996) (quoting *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)).  As
discussed below, Plaintiffs have not met Rule 16(b)(4)'s good cause standard.  Because of this, the
Court does not address the excusable neglect standard.

the extension).  The good-cause standard requires the moving party to provide an adequate explanation for the delay.  *Tesone*, 942 F.3d at 988.

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  Moreover, "[m]ere failure on the part of counsel to proceed promptly with the normal process of discovery and trial preparation . . . should not be considered good cause."  *Tesone*, 942 F.3d at 989 (quoting *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005)).

The Court is "afforded broad discretion in managing the pretrial schedule."  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).  "Despite this 'broad discretion in managing the pretrial schedule,' the Tenth Circuit has concluded that 'total inflexibility is undesirable.'"  *Little*, 2018 WL 836292, at *2 (quoting *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)).  "While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable."  *Deghand v. Wal-Mark Stores, Inc.*, 904 F. Supp 1218, 1221 (D. Kan. 1995).  Moreover, "a scheduling order which produces an exclusion of material evidence is a 'drastic sanction.'"  *Little*, 2018 WL 836292, at *2 (quoting *Summers*, 132 F.3d at 604).

## III.   DISCUSSION

### A.   Plaintiffs Have Not Shown Good Cause

Plaintiffs have not made the good cause showing required by Rule 16(b)(4).  Plaintiffs state they missed their expert witness disclosure deadline because Plaintiffs' counsel was on a "much needed vacation" when the deadline to disclose Plaintiffs' experts passed.  ECF No. 23 at 3, ¶ 3. Plaintiffs' counsel states that he was mistaken and believed that his deadline to disclose his experts was September 9, 2022, the deadline to produce Plaintiffs' experts for deposition.  *Id.* at 3, ¶ 4.

Plaintiffs' counsel admits that he did not realize the error until August 18, 2022, in connection with Plaintiffs' second motion to move the mediation deadline and nearly three weeks after the expert deadline passed.  *Id.* at 3, ¶ 5.

Plaintiffs' attempts to justify this error do not support a finding of good cause.  Plaintiffs' counsel could have caught this error on or about July 15, 2022, when Plaintiffs filed their first motion to extend a scheduling order deadline, approximately two weeks before the expert deadline. In the Court's Order granting that motion, the Court emphasized that "[a]ll other provisions of the April 21, 2022 Scheduling Order [] remain unchanged."  ECF No. 16.  With regard to Plaintiffs' "much needed vacation," Plaintiffs' counsel does not allege his vacation was unexpected, meaning that any conflicts related to this vacation should have and could have been incorporated into the schedule at the beginning of this litigation, when the Court adopted Plaintiffs' requested deadline for the disclosure of their experts.  Plaintiffs' counsel's failure to know a crucial deadline in Plaintiffs' case, particularly when the deadline was adopted at Plaintiffs' urging, weighs against any finding of good cause.

Plaintiffs' counsel seems to argue that even without the vacation, Plaintiffs could not have provided their expert reports by July 29, 2022, due to "difficulty in scheduling depositions of key witnesses in this matter."  ECF No. 23 at 3, ¶ 6.  This again fails to provide good cause for three reasons.

*First*, as discussed above and as reflected on the docket, Plaintiffs spent four months engaged in little to no discovery in this case.  Outside of taking one deposition on May 9, 2022, ECF No. 13, Plaintiffs engaged in no discovery from the April 21, 2022 Scheduling Order to Plaintiffs' July 29, 2022 expert witness deadline.  Coincidently, Plaintiffs only began engaging in written discovery on August 19th, one day *after* Plaintiffs' counsel purportedly realized he missed

Plaintiffs' expert witness disclosure deadline.  ECF No. 23 at 3, ¶ 5 (on August 18, 2022, Plaintiffs' counsel realized he missed Plaintiffs' expert witness disclosure deadline); ECF No. 19 (on August 19, 2022, Plaintiffs serve their first set of discovery requests to AHC).  Plaintiffs provide no explanation for this lack of discovery.  Declining to participate in discovery for nearly four months does not establish that the expert deadline could not be met despite the diligence of the parties.[3]

*Second*, as AHC points out, Plaintiffs did not reach out to AHC to schedule the depositions of two key witnesses until July 14, 2022, nearly three months after the scheduling conference and only two weeks before their expert disclosure deadline.  ECF No. 27 at 3 n.1; ECF No. 23 at 3-4, ¶¶ 7-8.  Plaintiffs state that since July 14, 2022, they have been requesting depositions dates from AHC for "the RN and LPN who were on duty the day Plaintiffs' decedent fell."  ECF No. 23 at 3, ¶¶ 6-7.  Plaintiffs, however, provide no explain for why they waited nearly three months after the Court entered the Scheduling Order to try to schedule the depositions of these critical witnesses.  Moreover, Plaintiffs' statement that it has been difficult to schedule depositions is inconsistent with their previous representation to the Court in support of their motion for extension of time to mediate.  In that July 15th motion, Plaintiffs stated that the parties scheduled "a number of depositions during August[] 2022," and the extended deadline "will allow time for additional deposition should the depositions scheduled next month show the need for any additional deposition testimony."  ECF No. 15 at 2, ¶¶ 3-4.  AHC filed notices for three depositions in August

---

[3]        *See, e.g.*, *Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *4 (D. Kan. Dec. 15, 2020) (finding a lack of good cause to modify a scheduling order because a party had not acted diligently when it allowed more than two months to lapse before serving opening discovery requests and took no meaningful action to schedule certain later-requested depositions within the discovery period provided); *see also Dryden v. City of Hays, Kan.*, No. 11-1354-KGS, 2012 WL 2993914, at *2 (D. Kan. July 20, 2012) (spending time responding to a motion for summary judgment did not constitute good cause to amend the scheduling order when the plaintiff waited well over two months before propounding initial discovery requests).

2022, but Plaintiffs did not.  ECF Nos. 20-22.  Now, Plaintiffs claim that one day before they filed

that motion, Plaintiffs knew two additional fact witnesses were needed whose depositions had not

been scheduled.

 In Plaintiffs' reply, Plaintiffs attempt to create a chronology in which their request on July

14th for two fact witness depositions was timely related to the mistaken belief that expert reports

were not due until September 9, 2022.  ECF No. 28 at 3 n.2 (Plaintiffs' counsel's July 14, 2022

request to schedule these depositions "started more than six weeks before the perceived

[September 9, 2022] deadline.").  Plaintiffs argue that an expert would have been able to issue a

report in six weeks with "an expedited transcript, audio recording or simply describing the

testimony to the experts."  *Id.*  Plaintiffs' post-hoc attempt to recast the July 14th request as timely

fails because it assumes that these key depositions occurred immediately upon request.  But

Plaintiffs' counsel admits that AHC's counsel responded that same day to "advise[] it would be

difficult for opposing counsel to work in dates during July and, as undersigned counsel recalls,

also excluding early to mid-August."  ECF No. 23 at 3-4, ¶ 7.

 Despite Defendant's response on July 14th, Plaintiffs' counsel waited until August 16,

2022, over a month later, to reiterate his request to depose these witnesses.  *Id.* at 4, ¶ 7.  August

16th was two and a half weeks after the actual expert witness deadline, two weeks after he returned

from vacation, and only three and a half weeks before counsel's mistaken deadline.  Plaintiffs

provide no explanation for this gap in time, which again undermines any claim of good cause.

 Plaintiffs emphasize that to date, AHC has not provided a date for Plaintiffs to depose the

LPN and only recently proposed October 6, 2022, to depose the RN.  ECF No. 28 at 3 n.2.  But

this still does not explain why little to no discovery occurred in the first four months of the

discovery period, why Plaintiffs did not try to schedule these key witness depositions earlier or

why Plaintiffs did not seek a timely extension of their expert witness deadlines if they were experiencing difficulty scheduling depositions.  At any time, if Plaintiffs truly believed that Defendants were failing to cooperate in the scheduling of these depositions, Plaintiffs could have either unilaterally served a deposition notice consistent with the District's Deposition Guidelines or sought Court intervention.  Again, Plaintiffs did neither.  Plaintiffs' lack of diligence in scheduling these depositions prior to their expert witness deadline does not support good cause to amend the Scheduling Order.

*Third*, Plaintiffs cite AHC's deposition notices for Plaintiffs and Olivia Lawson on August 25 and 26, 2022, as "further indicia of issues in scheduling."  ECF No 23 at 4, ¶ 8 n.2.  Plaintiffs state that AHC's deposition notices request the production of numerous categories of documents with "basically with one days' notice."  *Id.*  As stated above in the motion to extend the time to mediate and submit a mediation notice, however, these depositions occurred during the period in which Plaintiffs told the Court that depositions were scheduled by agreement.  If the depositions violated the minimum notice provided by the District's Deposition Guidelines, Plaintiffs again could—and should—have sought timely Court intervention.  Plaintiffs state that Ikona "may provide relevant information under oath that may also be relied on by Plaintiffs' experts."  *Id.* at 4, ¶ 8.  Despite this reliance, Ikona's deposition was scheduled a month *after* Plaintiffs' expert witness deadline and only two weeks before the mistaken September 9, 2022 deadline.  Plaintiffs state that August 25 and 26 were the first dates that AHC's counsel was available.  *Id.*  If that were the case, Plaintiffs again should have filed a timely motion to extend their expert witness deadlines. Ultimately, Plaintiffs fail to explain why scheduling depositions has prevented them from meeting their expert witness disclosure deadline despite diligent efforts.

Plaintiffs cite one unpublished case in support of their proposition that the Court should amend the Scheduling Order after the expert witness deadline has passed.  *See Carter v. Union Pacific R.F.*, Case No. 20-2093-DDC-KGG (D. Kan. June 3, 2022).  The facts in that case are significantly different that those here.  In that case, the plaintiff relied on his treating physician to provide expert medical testimony.  *See id.*, ECF No. 50 at 2.  The plaintiff, however, was "surprised by the lack of cooperation of the treating physician" and realized he needed to retain a separate medical expert.  *Id.* at 4.  But the plaintiff had difficulty finding an expert because of the COVID-19 global pandemic.  *Id.* at 2.  The court took judicial notice of the impact the national medical emergency presented to litigants seeking medical expert assistance.  *Id.* at 4.  The court specifically found that the plaintiff's "lack of diligence" was not failing to meet his expert witness deadline, but in requesting the deadline be extended.  *Id.* at 4-5.  Nevertheless, the court still granted the plaintiff's motion to amend the scheduling order because of the drastic sanction that would result in precluding plaintiff from presenting expert testimony.  *Id.* at 5.

Here, there were no surprises or unexpected circumstances that explain Plaintiffs' failure to meet their expert witness disclosure deadline.  As explained above, these circumstances were within Plaintiffs' counsel's control.  Equally within Plaintiffs' counsel's control was obtaining key witness depositions before Plaintiffs' expert witness deadlines.  Furthermore, nothing on this record suggests that Plaintiffs had difficulty in retaining the two experts they name in the Motion.  Plaintiffs wholly fail to establish that the discovery deadline could not be met despite Plaintiffs' diligent efforts.  For all these reasons, Plaintiffs have not demonstrated good cause to extend its expert witness deadlines and amend the Scheduling Order.

**B.      Disallowing Plaintiffs' Expert Reports Would Be Too Harsh of a Result**

Nevertheless, despite Plaintiffs' wholesale failure to establish good cause, not allowing Plaintiffs to serve medical expert reports would have a profound impact on Plaintiffs' ability to present their case.  As a practical matter, denying Plaintiffs the ability to disclose experts could effectively be dispositive of the case because Plaintiffs may be unable to meet their burden to prove medical malpractice without expert testimony on the standard of care or the deviation from this standard.

If the exclusion of evidence would be dispositive, it is subject to more careful scrutiny. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017); *see also Summers*, 132 F.3d at 604 ("The decision to exclude evidence is a drastic sanction.").  In such instances, the Court must consider lesser sanctions or other measures to remediate prejudice to the opposing party.  *Id.* at 1205; *see also Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (reversing district court's exclusion of a medical malpractice expert's testimony after service of a deficient expert report that ultimately resulted in the district court granting defendant's summary judgment motion); *LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 188 (D. Kan. 2021) (district court granted motion to amend scheduling order to allow experts despite failure to satisfy Rule 16(b)(4)'s good cause standard because not allowing the plaintiff to present infringement expert report would be dispositive).  Determining whether the failure was substantially justified or harmless requires the Court to consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *HCG Platinum, LLC*, 873 F.3d at 1200.  Under the circumstances here, these factors weigh against exclusion.

With regard to the first two factors, there is minimal prejudice or surprise to AHC and much of this prejudice can be cured.  AHC spent the majority of its response focusing on Plaintiffs' conduct during the original lawsuit against AHC, in which Plaintiffs never disclosed any experts. These facts are in dispute and, ultimately, are not relevant to Plaintiffs' prejudice in *this* lawsuit if the Scheduling Order were amended.[4]

AHC next argues that it will be unduly prejudiced if the Scheduling Order is amended because an extension of Plaintiffs' expert witness deadline will "blow-up the current schedule" and Defendant will "be required to hire its own expert witnesses and continue discovery in a case where plaintiffs filed two lawsuits without supporting experts."  ECF No. 27 at 4.  Any prejudice AHC may suffer from an extension of Plaintiffs' expert witness deadlines can and will be cured by a commensurate extension to AHC's expert witness deadlines.  If Plaintiffs had timely disclosed their experts, AHC presumably would have hired "its own expert witness and continue[d] discovery. . ."  ECF No. 27 at 4.  Trial is scheduled for November 6, 2023, meaning that it is more

---

[4]     AHC states it "has been defending serial lawsuits for seventeen (17) months without plaintiffs apparently never having a supportive expert review in order to timely designate experts in the second lawsuit."  ECF No. 27 at 1.  AHC unnecessarily overreaches with this hyperbole.  Plaintiffs have filed two lawsuits and the reason for dismissing the first was because of a service error.  *See generally Ikona et al.*, No. 21-2130-JWB-TJJ, ECF No. 33.  AHC has not been defending two lawsuits for "seventeen months."  Almost three months passed between when the court granted Plaintiffs' motion to dismiss in the original lawsuit and when Plaintiffs file their complaint in this case.  *Id.,* ECF No. 34 (motion to dismiss granted on October 19, 2021); *Ikona et al.*, 22-2016-KHV-RES, ECF No. 1 (on January 10, 2022, Plaintiffs filed their complaint).

As Plaintiffs point out in their reply, the parties stipulated under § 2(g) of the scheduling order in the original case that Plaintiffs' expert disclosures could be held in abeyance because they anticipated motion to dismiss briefing and refiling the case.  *Ikona*, No. 21-2130-JWB-TJJ, ECF No. 33 at 3, ¶ 9 n.1.  Plaintiffs attach three emails to their reply discussing their motion to dismiss in the first case.  *Ikona et al.*, 22-2016-KHV-RES, ECF No. 28-1.  Because Plaintiffs planned to dismiss the case and refile, Plaintiffs' counsel asked AHC's counsel if there was any objection to a request to extend the expert witness deadline by 20 days.  ECF No. 28-1 at 1.  AHC had no objection.  *Id.*  AHC knew Plaintiffs intended to refile this case, meaning that a new scheduling order would be entered with new expert witness deadlines.  AHC therefore was on notice that expert testimony was anticipated in this second lawsuit.

than a year away.  ECF No. 12 at 3.  Furthermore, as explained above, minimal discovery has occurred in this case, which means the Court is doubtful that AHC has incurred "substantial fees in connection with this litigation."  ECF No. 27 at 4.  Any possible prejudice to AHC is minor because, as discussed in more detail below, granting a small extension of Plaintiffs' expert witness deadlines will not blow up the current schedule.

Finally, while the Court does not condone Plaintiffs' behavior in connection with Plaintiffs' expert witness deadlines, the delays do not rise to the level of willfulness or bad faith.  The Court may consider Plaintiffs' conduct careless or disorganized because of the failure to know a crucial deadline or to act with haste upon discovering the mistake, but it does not rise to the level of bad faith.  Because the Court is extending Defendant's deadline, this new testimony will not disrupt trial, which again is not scheduled to occur until November 6, 2023.

The Court, however, will not grant the wholesale extension that Plaintiffs seek in the Motion.  Instead, the Court will grant a shorter extension for Plaintiffs' disclosures, which will not impact the final pretrial conference, the dispositive motion deadline or the current trial setting. The Court extends the dates and deadlines for the parties as follows:

| Event | Deadlines |
|---|---|
| Experts disclosed by plaintiffs | **September 23, 2022** |
| Plaintiffs' experts produced for deposition | **October 14, 2022** |
| Experts disclosed by defendants | **November 30, 2022** |
| Defendant's experts produced for deposition | **January 9, 2023** |
| Rebuttal experts disclosed | **January 13, 2023** |

All other provisions of the April 21, 2022 Scheduling Order remain unchanged.  ECF No. 12.

Although Plaintiffs have not established good cause to amend the Scheduling Order under Rule 16(b)(4), the Court grants a limited extension for the simple reason that denying the motion could result in a case-dispositive result.

The Court previously warned the parties that "[a] failure to engage in timely discovery will not be good cause for future extensions of the Scheduling Order deadlines."  ECF No. 16.  The Court reiterates this warning again and the Court is unlikely to grant any further extensions to remaining case management deadlines.

## IV.    CONCLUSION

For the reasons explained above, Plaintiffs' Motion to Amend Scheduling Order Out of Time, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**.  The Court will extend the parties' deadlines as summarized in the chart above and all other deadlines in the April 21, 2022 Scheduling Order, ECF No. 12, remain unchanged.

**IT IS SO ORDERED.**

Dated: September 15, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
U.S. Magistrate Judge

16